## JAMES *against* WALRUTH.

In an action of *debt* on an *award*, true copies of the bond and *award* were served, with the declaration on the defendant's attorney; but the *award* set forth in the declaration, varied from the *oyer*, and from that contained in the *nisi prius* record. The defendant pleaded no such award, and a verdict was found for the plaintiff.

It was held, that if the defendant meant to avail himself of the *variance* between the award set forth in the declaration and the *oyer*, he should have demurred specially, instead of pleading no award; and that, as the proof corresponded with the *nisi prius* record, at the trial, the defendant was too late to take advantage of the variance, nor could the verdict be set aside, on the ground of surprise, as the *oyer* contained a true copy of the award.

THIS was an action of *debt* on an *award*. The declaration, after setting forth the penalty of the bond, counted on the condition, submission and award. After stating the submission of all controversies, &c. between the parties, to three arbitrators, and to abide the award of them, or any two of them, &c. " then the obligation to be void, or otherwise to remain in full force and virtue," it proceeded, " and whereas, there was also a suit depending," &c. " against the plaintiff, in favour of *David Fisk,* &c. the said arbitrators were also to take the said suit into consideration and award," &c. (setting forth the award, &c.) The defendant pleaded no such award, on which issue was joined. The *case* set forth the declaration, bond and condition and *award;* and it appeared that the declaration served on the defendant's attorney differed from that contained in the *nisi prius* record, as to the amount awarded; and that the suit of *David Fisk,*

against *James* was also included in the condition of the bond of submission. The defendant's counsel objected to the variance, at the trial. It was admitted that true copies of the bond and award had been served on the defendant, with the declaration; and a verdict was taken for the plaintiff, subject to the opinion of the court, on a case agreed upon by the parties.

NEW-YORK,
October, 1811.

JAMES
v.
WALRUTH.

*Cady*, for the plaintiff.

*Gold*, contra.

*Per Curiam.* The case does not profess to state the testimony given at the trial. It is impossible to discover, from this very defective case, what point was intended to be reserved for the opinion of this court, except it be the question touching the variance between the declaration, as contained in the *N. P.* record, and the declaration, as served upon the defendant's attorney. But as true copies of the bond and award are admitted to have been served, and as the *N. P.* record and the proof corresponded, and as the defendant, instead of demurring specially, for the variance between the award as set forth in the declaration, and the *oyer*, (which ought to have been the course; 1 Ld. *Raym.* 715. 1 *Salk.* 73.) pleaded no award, he comes too late to take advantage of the variance. Every thing appeared correct, at the circuit. The judge could only apply the testimony to the pleadings as they were contained in the record. There was no surprise upon the defendant, as there might have been, if the declaration and *oyer* served had both contained the same mistake; nor is this a motion to set aside the proceedings at the circuit, on the ground of any such surprise. After pleading in chief, and going to trial upon the merits, the defendant now attempts to take advantage of a mere clerical mistake in the declaration which could not have deceived him; for not only was the *oyer* correct,

NEW-YORK,
October, 1811.

Overseers of
NISKAYUNA
v
Overseers of
GUILDER-
LAND.

but the true sum awarded was mentioned, in two differ-ent places, in the same declaration.

There might have been a question whether the plain-tiff was entitled to recover for the costs of the two suits mentioned in the award; but as the amount of the ver-dict is not stated, it cannot be discovered, from the case, whether the costs were included in the verdict, and no question on that point was raised at the trial.

Judgment for the plaintiff.