WOOD
v.
BULKLEY.

WOOD *against* BULKLEY.

A promissory note was alleged, in the declaration, to have been drawn by the defendant, by the name of "*Christopher Bulkley,*" and the note produced in evidence was signed "*Christ. Bulkley;*" it being proved that this was the defendant's usual mode of signing his name, it was held that there was no variance.

A defendant cannot allege at the trial, that there is a variance between the copy of the declaration, as served, and the *nisi prius* record: the judge must be governed by the record alone, and, if there is a material variance, the party must apply to the court to set aside the verdict.

This was an action of *assumpsit* upon a promissory note, made by the defendant, and payable to the plaintiff. The cause was tried before Mr. Justice *Yates*, at the *Onondaga* circuit, in 1816.

The declaration contained but one count, which was on a promissory note, drawn by the defendant, "by the name and description of *Christ. Bulkley.*" The defendant's counsel objected to the admission of the note, on the ground of a variance between the signature of the note, and the name stated in the declaration; but the judge overruled the objection, and the plaintiff proved that the defendant usually signed his name in the same manner as in the note in question. The defendant's counsel offered to prove a variance between the copy of the declaration served, and the *nisi prius* record, as to the name of the defendant. The judge refused to receive the testimony, and a verdict was found for the amount of the note.

The defendant now moved for a new trial, and the cause was submitted to the court without argument.

*Per Curiam.* The motion for a new trial must be denied. There was no material variance between the note set out in the declaration, and the one produced in evidence. The signature of the defendant, by the abbreviation of *Christ.* for *Christopher,* was proved to be the usual and ordinary way in which he signed his name. According to the case, there is, in point of fact, no variance between the *nisi prius* record, and the copy of the declaration, as served on the defendant, even if such proof could have been admissible. But this was not matter that could be inquired into upon the trial. The judge at the circuit must be governed by the *nisi prius* record, and any variance, if material, must be made the subject of an application to the court, and the verdict would, no doubt, be set aside, if the defendant was prejudiced by such variance. But no such variance appears to exist in this case, according to the defendant's own allegation.

New trial denied.