The Chief Justice delivered the opinion of the court.
Upon the trial of this cause, at the Middlesex Circuit, after the plaintiff had closed his evidence, it appeared that the premises to which he exhibited a claim, 'of title, and which he sought to recover, were situated in the township óf South Brunswick, in that county, and that the premises mentioned in the transcript or nisi-prius-roll, were described to be situated in the township of South Amboy.
This variance being suggested, the counsel of the plaintiff produced the declaration which had been served on the defendant, as tenant in possession ; the same being handed to the attorney of the plaintiff, at his request, by the. attorney of the defendant; and moved to amend and alter the transcript so as to conform thereto, and to the evidence, by inserting the words — South Brunswick, instead of South Amboy. The alteration was objected to by the defendant’s counsel, and not sanctioned by the court. And for the variance between the transcript and the evidence, the court ordered a non-suit.
The postea being returned, a rule to shew cause why the non-siiit should not be set aside was entered, and submitted upon written arguments.
*347 It is now seen by a recurrence to the declaration de novo, on *the files of this coart, that the premises are there [*279 correctly described to be in the township of South Brunswick, which fact however was unknown at the trial, so that the error occurred in making out the transcript, which, without adding more, it may he satisfactory, proper and just to state, was not made out by the clerk, or in his office.
The first question to be examined, is whether the non-suit was rightly ordered. The propriety of a non-suit for a variance between the premises described in the pleadings and those to which the plaintiff may, on the trial, exhibit evidence of title, is so clear, so certain, and has been so repeatedly adjudged, that it will not be controverted, but he promptly and unequivocally conceded.
But ought the judge at the circuit to have permitted and sanctioned an alteration of the transcript ? In answer to this enquiry, we observe, in the first place, that no single judge in vacation has authority to make or allow amendments of pleadings. These are to be made and allowed only by the court at bar, and upon application and' order in term time. In the second place, although it now appears that the declaration de novo’was correct, yet at the trial it was wholly unknown whether the error existed in it or in the transcript; whether the declaration was wrong, or the transcript wrongly copied. It could not, therefore, be specified whether the amendment sought for was to be made in the transcript, or in the pleading upon the file. The production of the declaration,served on the tenant, proved no more than its correctness, unless it may he also added, that the defendant was not injured by surprise. In the third place, there was no evidence, presumptive or otherwise, that the declaration on file was right, hut there was evidence to the contrary, and of the highest order, and which the judge was bound to respect, the transcript of the pleadings, authenticated by the certificate of the clerk, and the seal of the Supreme Court. In the next place, if the alteration had *348 been made, the judge might thereby have caused the clerk to certify, and the seal of the court to attest, what was untrue, that the transcript when made to read South Brunswick, was a true copy of the declaration on file. Again. The transcript having been filed and the jury sworn, it may well be doubted whether the judge could suffer it to be withdrawn and another substituted, without the consent and contrary to the will of the defendant; and, however, a long and very convenient practice, and commendable because *280] convenient, from *which no injury can result, and which I have not the. slightest wish to disturb or discountenance, has warranted the judge at the circuit in receiving a transcript purporting to' be, what, however, we all know it really is not, under the signature of the clerk and the seal of the court, yet the judge on the trial in this case could not be so officially blind or so utterly overlook both time and space, as to suppose that a new transcript had in the twinkling of an eye been made out and sealed by the clerk, and transmitted there. Again : If the amendment had been allowed, that jury must necessarily have been discharged by non-suit or otherwise, and either sworn anew or a new jury called, for they had been sworn to try the issue contained in that transcript, and by the alteration a new and different issue, by a material change, would have been formed. In the last place, it has been seen that an amendment in the declaration on file could not have been made by a single judge at the circuit, and the cases to be found in the books prove that an amendment in the transcript, if that alone had been required, was not justifiable. It will be right for us here to recollect, that the Circuit Court is organized as auxiliary only to the Supreme Court, and merely for the trial of issues of fact; that the mutual pleadings of the parties are filed, not there, but in the office of the latter court; and that the Circuit Court becomes possessed of the cause, if the expression may be allowed, only by the transcript sent there according to the provisions of the act of the legislature. *349 The rule or limit of amendment is thus stated by Bacon: “As to the nisi prius roll, which is only a transcript of the plea roll, to carry the issue into the country, if it differs from the plea roll in any matter which does not alter the issue, it may be amended; but if it differs in any matter which alters the issue, it cannot be amended by the plea roll, because it does not give the judge of nisi prius authority to try the matter which is in issue between the parties on the plea roll.” 1 Bac. Abr. tit. Amend, and Jeof. D. 4. The nature and meaning of the rule here laid down will perhaps be illustrated by the contrast of two cases cited and stated in Blackmmore' case, 8 Co. 321. The one of them is thus, “ As to the writ of nisi prius, it is to be known that the misprision of the clerk ‘of the treasury who writes it is also therein amendable by this statute, and to be made according to the record, but with this caution, that the record of nisi prius have sufficient matter in it, either expressed or implied, to give authority to the ^justices of nisi prius to try the issue, for they can- [*281 not try any issue by force of the statutes made thereof, without authority given to them by writ of nisi prius, and so it is adjudged in 11 Hen. 6, 11, a. b. In debt against J. I., husbandman, issue was taken if he was husbandman on the day of suing out the writ; and the writ of nisi prius was whether he was husbandman, omitting these words, on the day of suing out the writ, which was the material point of the issue, but the roll was well and the jury passed for the plaintiff, and found that the defendant was husbandman on the day of suing out the writ, and the writ of nisi prius could not be amended by the statute of 8 Hen. 6, because the justices of nisi prius have no power to try the issue contained in the record, because, on the day of suing out the writ, was omitted in the nisi prius ; and if the justices of nisi prius had taken the verdict according to the issue in the writ of nisi prius, that he was husbandman generally, without saying, on the day of suing out the writ, it had *350 been contrary to the roll; wherefore it was awarded that the plaintiff should sue a venire facias de novo.” The other of the cases is thus, “ If a man declare of damages of one hundred pounds, and the record of nisi prius is one hundred shillings, and the jury give damages twenty pounds, the nisi prius shall be amended and made one hundred pounds according to the roll, for it is the misprision of the clerk, which doth not change the issue.” In the case of Paine v. Bustin, 1 Starkie N. P. 74, the counsel of the plaintiff moved to amend the declaration by omitting the profert, and alleging that the bond was in the possession of the defendant, but Lord Ellenborough held that the alteration proposed was matter of material allegation, and not the subject of amendment at nisi prius. In Murphy v. Marlow, 1 Campb. 57, an amendment in the record was made at nisi prius of an ; error which was discovered and suggested by the judge; but it was done by consent, both parties wishing to waive the objection and that the trial might proceed. In James v. Walruth, 8 John. 410, the declaration, which was in debt on an award, as set forth in the nisi prius record, varied from that delivered to the defendant in the amount awarded. The variance was objected at the trial, and a verdict taken subject to the opinion of the court. The court said : “ The judge could only apply the testimony to the pleadings, as they were contained in the record.” So in Wood v. Bulkley, 13 John. 486, an offer on the trial at *282] nisi prius by the defendant’s *counsel, to prove a variance between the copy of the declaration served and the nisi prius record, as to the name of the defendant, was overruled by the judge; and by the court was held to have been done rightly. “ The judge at the circuit,” say they, “must be governed by the nisi prius record, and any variance if material must be made the subject of an application to the court.” In Lion v. Burtis, 18 John. 510, in ejectment, an application was made to amend, after the trial, the time of the demise; the court say, “We do not intend to carry the *351 practice so far as to amend at the trial, but we mean to say, that when a plaintiff has been non-suited for a variance in the date of the instrument declared on, or for any other variance arising from clerical mistake, that we will set the non-suit aside, and give leave to amend on payment of costs.” In Howard v. Pollock, 1 Yeates 509, in ejectment at nisi prius, the plaintiff’s counsel mov'ed to alter the day of the demise and to enlarge the term. The court refused, saying, “We cannot entertain such motions at nisi prius, which is peculiarly appropriated to the trial of causes.” On the part of the plaintiff in the case before us, and to evince the propriety of an amendment at the circuit, was cited the case of Blackwell v. Patton, 7 Cranch 411. In ejectment, on trial before the Oircuit Court of the United States for the district of Tennessee, it appeared that the time of the demise, as laid, was prior to the accruing of the plaintiff’s title. The court allowed the plaintiff to amend the declaration by altering the time, and the Supreme Court of the United States held that the amendment was properly allowed. This case, however, it will readily be perceived, can have no weight in the enquiry before us, because the Circuit Court of the United States bears no analogy to our Oircuit Court, being not merely a nisi prius court, or tribunal for the trial of issues of fact, but a court of original and final jurisdiction, and a trial there resembling a trial at the bar of this court. From these considerations it results that the non suit was legally ordered.
The next question then occurs: May this court set aside the non-suit and order another trial ? The non-suit was granted at the trial with reluctance, because it was obvious that the merits of the controversy were left undecided, and the parties open to further litigation: it was possible the error might be, as it really is, a mistake in the copying of the declaration; and it was certain that the defendant was under no surprise, but well understood the ^premises really demanded from him. [*233 *352 Under such circumstances, it is not unpleasant to find that the plaintiff may be permitted to pursue his claim, without exposing either party to the expense incident to the commencement of a new suit. The power of the court to set aside, on proper ground, a non-suit ordered at the circuit, and not voluntarily sought by the plaintiff, cannot be made a question. The propriety of such a measure, where the variance which has been the cause of. the non-suit is a mistake like the present, into which we are all so apt to fall, and from which the most sedulous care does not always protect, will readily approve itself to even slight reflection. Our books afford us abundant precedents to sustain us in making absolute the rule for setting aside the non-suit. In the case already mentioned, cited in 8 Co. from the year book, 11 Hen. 6, a venire facias de novo was awarded. In Holland v. Hopkins, 2 B. and P. 243, a non-suit having been ordered because the evidence offered did not conform to the bill of particulars delivered, the court held that the non-suit had been rightly ordered, yet set it aside and gave the plaintiff leave to amend his bill of particulars on payment of costs. Halhead v. Abrahams, 3 Taunton, 81, was an action on a replevin bond. The judge on the trial, on comparing the record with the bond produced in evidence, himself discovered and suggested a variance; three dozen chairs being mentioned in the bond and four dozen in the declaration, and directed a non-suit. The court, although approving the non-suit, ordered it to be set aside, and the declaration amended, on payment of costs. In Jackson v. Bailey, 5 Cowen 265, in ejectment for land in the town of Moriah, tried' at the circuit of Essex county, the plaintiff was non-suited on the ground that the declaration described the land as lying in the town of Crownpoint, in that county. On motion of the plaintiff, and on affidavit that the mistake was not discovered until after the jury were sworn, the court set aside the non-suit, and ordered the declaration to be amended, on payment of costs. An avowry was *353 amended after a verdict against the ¡defendant, and the verdict set aside in the case of Wright v. Williams, 5 Cowen, 501. In Den v. Franklin and Sharp, 2 South. 850, on the trial at the circuit, the court ordered the plaintiff to be non-suited, because at the time when ^he demise was laid the lessor of the plaintiff was a married woman. The plaintiff answered when called, and the defendant having given his evidence to the jury, a verdict was found for the plaintiff; at bar, the court ordered *the postea to be amended, [*284 so as to return the non-suit, and afterwards, on motion of the plaintiff, ordered the declaration to be amended by making the time of the demise an earlier day and before the marriage of the lessor, on payment of costs.
Upon setting aside the non-suit what rule should be made as to costs ? One reason for examining the propriety of the non-suit was its bearing on this subject. If erroneously ordered, costs should not be granted. If rightly, they should be allowed.
Let the non-suit be set aside on payment of costs.