THE WATERTOWN BANK AND LOAN COMPANY, Appellant, *v.* HARRISON M. MIX et al., Respondents.

A party to an action on trial by a jury is entitled to have all the proceedings public, both in respect to the production of proof, and to the instructions to the jury by the court; and there ought to be no communication between the judge and the jury, after the latter have gone from the bar to consider their verdict, in relation to the oral evidence or his instructions to them, unless it take place openly in court, or with the express assent of the parties.

This right is a substantial one and is not in the discretion of the court, and an order denying motion for a new trial, which motion was based upon the violation of this right, is appealable to this court.

A party moving for a new trial upon the ground of a communication between the judge and the jury without his knowledge or assent is not bound to show affirmatively that such communication tended to his injury.

(Argued January 14, 1873; decided March term, 1873.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial district, reversing an order of Special Term setting aside a verdict in favor of defendants and granting a new trial. The motion was founded upon an alleged improper communication between the court and the jury after the latter had retired. The facts sufficiently appear in the opinion.

*Lansing & Sherman* for the appellant. No communication shall be had by the court with the jury after they have retired to deliberate on their verdict, except in open court, in the presence of the parties or their counsel. (2 Graham & Waterman on New Trials, 362; *Sargent* v. *Roberts*, 1 Pick., 337–342; *Bunn* v. *Croul*, 10 J. R., 239; *Taylor* v. *Betsford*, 13 id., 487; *Benson* v. *Clarke*, 1 Cow., 258; *Neil* v. *Abel*, 24 Wend., 185, 186; *Moody* v. *Pomeroy*, 4 Den., 115.) The representation of the officer having the jury in charge, that unless they agreed they were in for the night, was coercion and good ground for a new trial. (*Green* v. *Telfair*, 11 How., 260; *Thomas* v. *Chapman*, 45 Barb., 98.) It was not

admissible to show by affidavits of the jurors what if any effect this communication had on their minds. (*Thomas* v. *Chapman*, 45 Barb., 98; *People* v. *Wilson*, 8 Abb. Pr., 137–141; *Coster* v. *Marest*, 3 Brod. & Bing., 272; *Whitney* v. *Whitman*, 5 Mass., 405; *Knight* v. *Inhabitants of Freeport*, 13 id., 218.) The order denying a new trial affected a substantial right, and is appeable to this court. (Code, § 11, sub. 4, amendment of 1870; *Leland* v. *Hathorne*, 9 Abb., N. S., 97; *Fisher* v. *Hepburn*, 48 N. Y., 41.)

*M. H. Merwin* for the respondents. The order appealed from rested in the discretion of the court below. (*Lawrence* v. *Ely*, 38 N. Y., 42; *Selden* v. *Canal Co.*, 29 id., 635; 30 id., 134; 23 id., 160; 46 id., 598; 2 Comst., 269, 563; 34 How., 26; *Sherman* v. *Felt*, 2 Comst., 186.) The communication of the officer is no ground for a new trial. (*Baker* v. *Simmons*, 29 Barb., 198; *Hager* v. *Hager*, 38 id., 92; *People* v. *Carnal*, 1 Park. Cr., 256.) A new trial will not be granted if no injury appears by reason of the misbehavior. (*Smith* v. *Thompson*, 1 Cow., 221; *Horton* v. *Horton*, 2 id., 589; *Wilson* v. *Abraham*, 1 Hill, 207; *Green* v. *Bliss*, 12 How., 428; *People* v. *Hartung*, 8 Abb., 132; *People* v. *Carnal*, 1 Park. Cr., 256; *Everett* v. *Youells*, 4 Barn. & Ad., 681; *Goldsmith* v. *Solomons*, 2 Strobh., 296, cited in 2 Gr. & W. on N. T., 356.)

Johnson, C. After this case had been submitted to the jury, at the Jefferson circuit, and while they were deliberating upon it, they sent, by the constable in charge of them, to Judge Mullin, who held the circuit, a written inquiry "whether the witness Moffat proved positively, on cross-examination, that Hains did not leave that money on the counter." The judge having read it, directed it to be handed to Mr. Tanner, the short-hand reporter, who had taken minutes of the evidence on the trial. Tanner looked over his minutes, on receiving the paper, and then wrote upon it, "No such question was asked." It was then handed to the judge and by his direction

carried to the jury room and delivered to the jury. They subsequently found a verdict for the defendants. This communication between the judge, jury and constable occurred without the knowledge or consent of the plaintiffs, their attorneys or counsel, and did not come to their knowledge until some days after the trial was ended. Upon these facts a motion on the part of the plaintiffs was made at Special Term, before Judge MULLIN, to set aside the verdict and for a new trial, which was granted. On appeal to the General Term this order was reversed. The plaintiffs have now appealed to the Court of Appeals.

A question is made preliminarily, that the order is not reviewable in the Court of Appeals, and rested in the discretion of the Supreme Court. In opposition to this view it is insisted, on the part of the plaintiffs, that the right of a party to have the trial of his cause transacted openly in court, with the opportunity to be present, is a substantial right, not resting in the discretion of the court, and of which the party cannot be lawfully deprived without his own consent. If the order in question is not discretionary, then either under the second subdivision of section eleven of the Code, as an order refusing a new trial, or under the fourth subdivision of the same section, it is appealable, if the order affects a substantial right. The right is plainly substantial, for it relates to the substance of the jury trial. This mode of contestation is a public proceeding, as well in respect to the production of proof as to the instruction of the jury by the judge. The party has a right to be heard in respect to everything transacted, and to bring in review all the proceedings at the trial. If the judge at the trial had insisted, in presence of the counsel, on giving to the jury a written answer to the question proposed by them and refused to communicate it to counsel, such a course would have been the subject of an exception, as erroneous. The proposition involved in sustaining what took place at this trial is even more dangerous, for it must go the length of holding that the judge may make such communication to the jury in private,

as he thinks right. There can be no other limit since the party has no means of knowing whether the judge has made any communication, nor what was its subject or terms, if any has been made. In this very case it does not appear whether the answer of the reporter, transmitted by the judge, corresponded with the reporter's minutes or with the fact. Is it the presumption that it did so accord? If that is the rule, then obviously the party has no protection against the erroneous recollection or judgment of the judge, except in his sense of fairness, and desire not to work injustice. It throws upon the party the burden of showing affirmatively that the judge did communicate to the jury, and that the communication tended to his injury. This burden is so great as in almost all instances to be equivalent to a denial of the party's right; and if it exists it materially diminishes the security of parties in the administration of justice. The answer transmitted to the jury in this case was indirect in its terms, leaving in doubt whether it should be understood as a negative answer to the question of the jury, or only as an affirmation that no such question as was implied by the jury's inquiry had been directly put. It is impossible to think that if the jury's question had been put in open court, in presence of the jury and counsel, the matter would have been left in so doubtful a state. The case well illustrates what mischief would result from allowing such a discretion to the judge. It is in my opinion better and safer to adhere to the rule, as affirmed by the adjudged cases and by what I understand to be the settled usage in this State, that there ought to be no communication between the judge and the jury, after they have gone from the bar to consider of their verdict, in relation to the oral evidence or his instructions to them, unless it take place openly in court or with the express assent of the parties. (*Bunn* v. *Croul*, 10 Johns., 239; *Taylor* v. *Betsford*, 13 Johns., 487; *Neil* v. *Abel*, 24 Wend., 185, 186; *Sargent* v. *Roberts*, 1 Pick., 337.)

Thinking it to be shown that the party's right does not rest in the discretion of the judge, that it is a substantial right,

and that it has been violated in this case, I am of opinion that the order of the General Term should be reversed, and that of the Special Term affirmed.

All concur.

Ordered accordingly.