# NEW YORK SUPERIOR COURT.

JAMES O'BRIEN, Sheriff, &c., agt. THE MERCHANTS' INS. Co.

*Effect of a paper not put in evidence on the trial, improperly presented to the jury during their deliberations.*

Where a paper, not in evidence on the trial, is clandestinely put into the books of account after the close of the testimony, containing criticisms, and suggestions in reference to the accounts, which are the subject of litigation, the account books being submitted to the jury in their deliberations, it is sufficient to set aside the verdict without reference to the source or motive of such interference.

*January* 11, 1875.

*Before* MONELL, *C. J.*, and CURTIS, *J.*

IN this case, two account books, which had been put in evidence, were submitted to the jury, by consent of counsel, and taken by it into the jury room.

When the jury returned into court, it was discovered by plaintiff's counsel that a written paper, not in evidence, had been pinned to a leaf inside one of the books, which paper contained a criticism of the accounts, and suggested various defects and discrepancies in them, and reflected upon Mr. Candler, a witness for the plaintiff, who had kept the accounts.

Mr. John L. Douglass, the secretary of defendant, having the custody of the books, had prepared this paper, and placed it in the book, as he claimed, for safe keeping, and for the use of defendant's counsel in trying the case, and that it reached the jury inadvertently and unintentionally, by his forgetting it when the books were taken out.

O'Brien agt. Merchants' Insurance Co.

A compromise verdict was rendered, for less than the plaintiff's claim.

*Wm. W. Badger*, the plaintiff's counsel, on discovering these facts, moved to set aside the verdict and to punish defendant's secretary and counsel for making and allowing to be made an improper and surreptitious communication to the jury.

*George W. Parsons*, defendant's counsel, and *Wm. Alten Buller*, opposed the motion, and claimed that it was unintentional and accidental, as above set forth.

They also read an affidavit of Isaac V. Broken, the juror who had taken the books, that the jury had not read the paper in question, and was not influenced by it in any manner.

Justice G. M. Speir, denied the motion, and plaintiff appealed from his order and the judgment was entered on the verdict.

The General Term, by Monell, C. J., and Curtis, J., reverse that order, and set aside the verdict and judgment, with costs, and grant a new trial.

The following is part of the long opinion by

Curtis, J. — It is apparent that if this paper was thus placed before the jury, simply by the oversight of the defendant's secretary, as claimed, it was still an improper communication to the jury, and one for which the verdict should be set aside, unless it is shown that none of the jury read the paper, and that they were not influenced by it.

The history of the law discloses a struggle for centuries, to prevent juries from being approached by improper communications and influences.

Every expedient of human ingenuity has been thus resorted to in order to affect decisions upon the purity and justice of which society depends for its justice.

It is undesirable to have the long trial of this case repeated, unless we arrive at the conclusion that not to set aside the

verdict would establish a precedent, and sanction a transaction which would tend to impair the upright and faithful administration of justice.

The defendant alleges that the paper thus reached the jury room by the oversight of its secretary, so that if the verdict is in consequence set aside, it will be a result due to a negligent act on the part of the defendant.

There are allusions and remarks in the paper tending to create suspicion in respect to Candler's good faith and the accuracy of his accounts.

The paper was put in the book by the defendant's secretary after the testimony was closed, and the counsel on each side had summed up.

It was fully and justly conceded on the argument that the defendant's counsel had no complicity in the matter complained of, and that he was in no way a consenting party thereto.

\*      \*      \*      \*      \*      \*      \*      \*      \*

There appears to be no case where the courts have sustained a verdict upon the facts appearing that are disclosed in the present application.

On the other hand the tendency is to look with distrust upon all irregularities in respect to approaching jurors during the trial of a cause, or after they have withdrawn from the bar to consider the verdict.   It has been held that where they were approached in such a manner as might have influenced their verdict it should be set aside, without reference to the source or motive of the interference (8 *Abb. Pr.*, 141; 9 *How. Pr. R.*, 14; *The Watertown Bank* agt. *Mix*, 51 *N. Y.*, 558).

It is desirable to avoid any relaxation of the existing rules, and governed by them it is difficult to see how this verdict can be sustained.

·The verdict and judgment should be set aside, and a new trial ordered, with costs to the plaintiff to abide the result of the action.