Hatch, J.
—The moving affidavits disclose that the motion for a new trial herein is based upon the ground that substantial justice was not had or done upon the trial of this action. The particular facts upon which plaintiff relies are quite novel, and no case is found where the question presented has been considered. Briefly they show that after the evidence was all in, defendant’s counsel addressed the jury, arguing his case to them as fully and completely as he desired, without interference by the court or interruption of any character. After he had finished, plaintiff’s, counsel commenced his address to the jury, and had proceeded but a short time when he was handed a note, by his assistant, written by" the counsel for defendant, at the instance of the court, stating in substance that the court was desirous of finishing the case as quickly as possible, and requesting that the counsel abridge his argument as much as possible.
Thereupon said counsel applied to the court and learned that the court was anxious to adjourn. That such notice disconcerted the counsel so much that he was unable to collect his-thoughts, and was unable to proceed with his argument; that *275 many sugggestions which he had originally intended to make he was unable to state, and that by reason thereof he could not and did not make any substantial or logical argument upon the evidence adduced, by reason of which, claim is made that injustice was done, which requires the interposition of the court to correct. The opposing affidavits raise a question as to the length of time the respective counsel addressed the jury, but it must be taken as the fact that counsel for defendant had full opportunity to say, and said, all he desired to say to the jury, while counsel for plaintiff had not finished his argument, and the note and request ended it for all practical purposes. The charge of the court was somewhat hurried, but no complaint is made but that the law applicable to the case was fully stated, and sufficient of the evidence referred to, to make the legal propositions plain. It is, however, claimed that undue haste was made, and that the due deliberation which should attend upon legal proceedings was not had, and the jury obtained the impression that the case of plaintiff was of little importance. The rule to be observed in disposing of motions of this character is to grant the same unless the court be satisfied that the merits of the case have been fairly considered, and a determination had, based thereon. If there is reason able doubt that this has not been had the application should be granted, the test being, whether or not substantial justice has been done. Barrett v. Third Avenue R. R. Co., 45 N. Y., 632; Huson v. Egan, 25 N. Y. State Rep., 906; Graham & Waterman, New Trials, 2, p. 47.
“ It is the duty of courts of justice to secure the trial and disposition of legal controversies appearing before them, in conformity to the legal rights of the parties, so far as that may be practically done.” Chamberlains v. Lindsay, 1 Hun, 236.
And where the court can see that the particular departure from the ordinary course of legal procedure, may have resulted in injury, it will ordinarily not stop to consider whether injury has in fact resulted, but will res'tore the parties, so far as practicable, to their original position. Watertown Bank v. Mix, 51 N. Y., 558; Taylor v. Betsford, 13 Johns., 486.
It remains, therefore, to be seen, whether the interference of the court with the counsel in summing up, violated any legal right which the party possessed, and if so, whether such interference may have affected the result of the trial. At common law in the trial of a cause before a jury, it was the right of a party to appear by counsel, and the right of counsel to be heard in argument upon the evidence adduced. Chase’s Blackstone’s Com., 795.
This right has been preserved in this country, 2 Kent’s Com., 13 ; Taylor v. Porter, 4 Hill, 140, and finds a place in the constitution of the state. Const., art. 1, §§ 2 and 6.
The right of counsel to address a jury in support of a client’s case, where the case presents a question of fact, is a substantial right, and does not rest in the discretion of the court. Garrison v. Wilcoxson, 11 Ga., 158; Douglass v. Hill, 29 Kan., 528; Houck v. Gue, 46 N. W. Rep., 280; Abbott’s Trial Brief, 133.
Rot only is the right substantial, but the order of its exercise *276 is equally so, and where counsel holding the affirmative of the issue, and in consequence entitled to the final reply, is deprived of such right, it is error, for which a new reply will be granted. Conselyea v. Swift 103 N. Y., 604; 4 N. Y. State Rep., 278; Millerd v. Thorn, 56 N. Y., 405.
In view of the foregoing, authorities, the dictum to the contrary in People v. Cook, 8 N. Y., 76, 77, must be regarded as unsound. The theory upon which the argument of counsel is allowed is, that, it is an aid to the court .and jury in reaching a correct conclusion. It is at all times within the discretion of the court to regulate and limit the time, which shall be occupied by counsel in a given case, and where such discretion is not abused, complaints will not be entertained People v. Kelly, 94 N. Y., 533; Rehberg v. Mayor N. Y., 1 Eastern Rep., 185 : Sup. Ct. Rule, 29.
It is also the duty of the court to keep within proper limits the-discussion of the evidence received, and the inferences legitimately arising therefrom. Koelges v. Ins. Co., 57 N. Y., 638; Fry v. Bennett, 3 Bosw., 241-42.
This power to limit, as to time and subject-matter, rests in the ■sound discretion of the court, but the right to address the jury upon a question of fact for their determination, is the legal right of the party, not resting in discretion. Making application of these rules to the present case, we see from the record that the case presented a question of fact, upon which the verdict of the jury might well have been either way, and found support in the evidence. It was quite evenly balanced, small items, therefore, became of importance, and the rights of each party require that care should be observed in determining whether any right possessed by either party has been trenched upon, from which injury may have resulted. Baird v. Daly, 68 N. Y., 548-9.
If the court had refused to permit the counsel to proceed with ' his argument after defendant’s counsel had addressed the jury, it is plain that a legal right would have been violated. If the court, after having permitted one counsel to argue his case fully,had imposed a limitation upon the other which did not permit of a full presentation of the case, it would doubtless have been an abuse of discretion. Is not the latter what practically happened ? Counsel was engaged in his address, logically presenting his facts, and deducing the inference which he claimed arose therefrom. Suddenly the thread of his argument is broken in upon by a request from the court to abridge; he has made no previous preparation for it, is surprised and confused, being desirous of obliging the court, it presses upon his mind that further argument might not be well received, he does not collect himself, makes a few halting remarks, and overlooking for the moment the importance of the facts he had intended calling attention to, sits down, and finds the opportunity gone forever. I am unable to see any difference in this, position from one where the court had by order directed counsel to stop, in its practical result, except that the order would be less likely to work injury. The jury are unenlightened as to the cause of the abrupt termination, and subsequently receive no-light from the court. It is not improbable that they may have *277 drawn inferences therefrom unfavorable to plaintiff, as that the counsel had little faith in his case, that the argument upon the facts was weak and inconclusive, and from the impression thus received overlooked facts and inferences which would have legitimately arisen, had they been called to their attention as intended. We are unable to say that such was the result, neither are we able to say that it was not, but the doubt that arises seems to make a case for relief.
It is true that counsel may be said to have consented to suspend farther argument, and rested content with, what he had said, and, therefore, waived any right he possessed. But this does not weaken the fact that injustice may have been done. It was quite evident that he was disconcerted, and practically unable to continue his argument; his actions may not now be judged by what he ought to have done, or with his present light, what he would now do, but taking his condition at the time, and all the surroundings, is it so clear that injustice was not worked that no relief should be granted ? I think not; on the contrary, I am of opinion that the unwarranted act of the court may have resulted in injustice' to the party. In other respects thd plaintiff fails to make out a case for relief. The newly discovered evidence is clearly cumulative, and the affidavit of King is in the nature of impeachment; besides it is abundantly answered.
For the foregoing reasons the verdict is set aside and a new trial ordered.