Scribner, J.
(orally).
The original action in tbis case was brought by the defendants in error against the plaintiff in error to recover a sum' of money alleged to be due to the defendants from the plaintiff. The action was regularly tried to a jury in the *396 court of common pleas, and, at the conclusion of' the trial it appears that the- jury retired to consider their verdict.
This was on the 16th of May, 1893. At some time during the day following — which was the 17th of May as the record shows, at 1:30 o’clock P. M., the jury being in court and not having yet arrived at a verdict, the court, in the absence of all the parties, and also in the absence of all the counsel engaged in the cause, proceeded further to instruct said jury, and did instruct them as follows:
‘ ‘ Gentlemen: — As you probably understand, the verdict of a jury is the opinion of twelve men, and no less a number. As the court remarked to you at the outset of this trial, on the trial of this case which has been submitted to you, you should reserve your opinion until you retire to your jury room and deliberate together. Your opinion should be the opinion of all. It is better not to make up a positive judgment or conclusion in the case so as to be fixed and unchangeable, until after you have heard from your associates and heard all that can be urged in the case, in your discussion. Now, of course, no man can change his opinion unless he is convinced; but he should not settle down upon an opinion, fix it, and hold it stubbornly as one that you will not change; but if you cannot, why, of course you cannot; but where there are several or a number of the jury, quite a majority, of one opinion, and a few of them have an opposite or different opinion, it is well, perhaps, for the few to examine their opinion very carefully and look into the ground of it, hear all that may be urged on the other side, and if you can see reason to change it, change it. Go according to the best reasons that you are capable of. Plear the reasons of your associates, -fairly and reasonably apply them, look into the evidence. See whether or not, fairly and reasonably, a different conclusion can be arrived at from the one that you have formed — on the whole.
“I didn’t ask you, Mr. Foreman, whether you disagreed on a matter of fact or a matter of law ?
The Foreman: — “It is a matter of fact, your Honor.
The Court: — -“That is for the jury. You must say, on *397 all the evidence, how it is. It is important when cases are tried, as this has been, and as all cases should be, fairly and carefully, with the labor and thought and expense to the parties and to the public — because these trials are expensive to the public — I say it is important that one trial should end the case, if it fairly and reasonably can.
“Now, I submit these instructions to you and ask you to deliberate further on your verdict. You may retire and see what result you can reach. ’ ’
And the bill of exceptions further shows:
“Whereupon said jury again retired to their room to further consider their verdict, and thereafter and on the same day returned into court with their verdict, which verdict was in favor of the plaintiff and against the defendant, as shown by the verdict returned, signed by the foreman of said jury.
‘ ‘ And thereupon, and within three days after the rendition of said verdict, said defendant, by his counsel, filed his motion in writing to set aside said verdict, on the grounds and for the reasons therein stated, and praying for a new trial in said cause. ”
This motion, which is found among the files constituting a part of the record, appears by the indorsement thereon to have been filed on the 17th of May, 1893 — the same day upon which the verdict of the jury was returned. The record further shows:
“That thereafter and before the hearing of said motion before the court, and on the 9th day of June, 1893, said defendant, by his attorneys, came and filed his additional motion in said cause to set aside said verdict and grant him a ne.w trial thereon, for further and additional reasons therein set forth, which said motion, in writing, was as follows:”
And here appears the second motion for a new trial, the grounds assigned being the action of the court in instructing the jury, or expressing to the jury the advice shown in the instructions given, which has just been • read from the record. And it is alleged in that motion, also, that the court erred in its instructions to the jury: “To which the *398 said defendant by his counsel excepted at once upon obtaining 'knowledge that such instructions had been given,” in this:
“Irregularity and abuse of discretion in the proceedings of the court herein, by which the defendant was prevented from having a fair trial, in that the court, after having given its charge to the jury, and after the jury had retired to consider its verdict, before it had rendered the verdict herein, and in the absence of the defendant and his counsel, and without giving or attempting to give any notice to said defendant or his counsel, or to procure the ■ attendance of either, gave further instructions to said jury.”
It abundantly appears from the bill of exceptions and the record of the case, that neither of the parties was present on the occasion when the presiding judge gave the instructions to the jury, or expressed to the jury the advice which appears on the record as shown herein; neither of the parties and neither of the counsel was present; and it fairly appears that they had no notice of what had taken place until several days after the occurrence, and, so far as the record shows, no attempt was made to advise the counsel or either of the parties of what the presiding judge proposed to do, except as shown in this affidavit of the court bailiff:
“State of Ohio, Lucas County, ss:
“Orrin S. Whitten, being first duly sworn, says that he now is, and has been for the past three years, the bailiff in Judge Harmon’s court, and during all of said time, under instructions received from said court, it has invariably been his rule to notify counsel engaged in a cause, after a jury have retired for deliberation, if the court intended to give them further instructions. Affiant says that he was present during the trial of William O. Hall, Admr., et al. v. Frank E. Seagrave, and had charge of the jury after it retired for verdict; he remembers that the court further instructed the jury in the absence of defendant and his counsel; but before said jury were thus instructed, he was directed by the court to telephone counsel in the case, and to the best of his knowledge, he did so.”
*399 The statement of the bailiff in this affidavit is that he was instructed to telephone the counsel of what was about to take place,and,to the best of his knowledge, he did this; but this does not establish that any such notice was given to the counsel, and the record shows that counsel were present in the city and that no such notice was received by them, or by either of them, upon that occasion.
As the record stands it appears satisfactorily to us, that we cannot find that either of the parties, or their counsel, had notice of the action of the court in giving the jury further instructions, as was done upon the 17th of May, the day upon which the verdict was rendered; and all the testimony taken together satisfies us that no such notice was given. The affidavit of the bailiff is very unsatisfactory in its character, and cannot overcome the other evidence upon the subject. Upon these facts the question arises as to whether or not the court erred in giving instructions to the jury after they had been engaged in the consideration of the case for several hours, without seeing to it that any attempt was made to notify counsel of what the presiding judge proposed to do. Upon this subject we have some cases in our own state to which I will briefly call attention.
The case of Campbell v. Beckett, 8 Ohio St. 211, cited in the argument, holds this:
“It is error for a judge, during a recess of his court, in the absence of the party and his counsel, and without notice to them, to give instructions to the jury to whom the case has been submitted.”
The facts in that case show that while the jury were out, and the next morning after they had gone out, as the report ■says:
“On the next morning, about nine o’clock and during the recess of the court, the jury still failing to agree, again requested further instruction in the case, whereupon the judge appeared before them in the court room, and in the absence *400 of botli parties and their counsel, and without notice to either, instructed the jury upon a question of law materially affecting the rights of the plaintiff; and the jury again retired, and after further consultation, returned a verdict for the defendant.; ’ •
Judge Sutliff, who delivered the opinion of the court, in the course of his opinion, says:
“It is provided by our code, section 2(5(5, that, upon the trial of a cause before a jury, either party may request instructions to the jury on points of law, which shall be given or refused by the court, etc. It is also provided by sec. 270 of the code that, after the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony, or if they desire to be informed as to any part of the law arising in the case, they may request the officer to conduct them to the court, where the information upon the point of law shall be given, and the court may give its recollection as to the testimony, on the point in dispute, in the presence of, or after notice to, the parties .or their counsel. ’!
The learned judge then proceeds to express, in strong, clear terms, the view of the court on the-question presented, and states as the conclusion of the court that the presiding judge erred in giving the jury instructions upon matters of law upon which they asked information, during the absence of counsel. The' plaintiff says in regard to this case, that it seems that these instructions were given during the recess of the court and at a time when the parties could hardly be expected to be present, and when it could scarcely be said to be their duty to be present to look after the proper progress and consideration of the case. But we think that does not make any essential or material difference with the rule laid down.
In the 13 Ohio St. p. 1, in the case of Preston v. Bowers, we find the following as a part of the syllabus:
“The jury having retired to consider of their verdict, and afterwards coming into court, during its regular session in *401 tlie daytime, and asking further instructions, and parties and their counsel being loudly called at the door, it is not error for the court to further instruct the jury in the absence of a party or his counsel. ’
Here it would seem that the court was in session when the jury came in, and the parties were called at the door and failed to respond, and the Supreme Court held that under those circumstances, the court did not err.. The court in the opinion (p. 14) say:
“Under the circumstances disclosed in the bill of .excep- • tions, there was no impropriety and no error in the fact that the court, at the request of the jury, gave them further instructions in the absence of plaintiff in error and his counsel.”
The same ruling is made in the case reported in 10 Ohio St., cited by the court in 13 Ohio St. The counsel were called, but failed to respond. A'reasonable effort was made to notify them, but they did not come into court.
A case was cited from 1 Disney, 327 and 337, where the Superior Court of Cincinnati held :
“A court is not required to send for absent parties or their attorneys, whenever it may become necessary to instruct or re-instruct the jury upon questions of law.”
The court say, in the opinion (and the instruction complained of was given in the absence of and without notice to the counsel of the plaintiff):
“It is claimed that the provision of the code which undoubtedly requires the presence of the counsel, or notice to him when the court states its recollection as to the testimony, equally applies to an instruction as to any matter of law. We do not think that this view can be sustained either upon reason or the language of. the code. It is the duty of the court to inform the jury upon a point of law, and by the •statute it is made imperative. . The court is not bound to give its recollection as to the testimony, though requested by the jury. It- may do so,- but this must be done in the presence of or after notice to the parties or their counsel.”'
*402 Here the distinction is taken in the right of the court to instruct the jury upon questions of law and upon a matter of fact, and the court holds that the court may instruct the jury upon a question of law,but it may not instruct the jury upon a matter of fact, in the absence of counsel, unless opportunity is given counsel to be present.
Sec. 5194 of the statute regulates this matter, so far as the statute undertakes to regulate it:
“After the jurors have retired for deliberation, if there ‘be a disagreement between them as to any part of the testimony, or if they desire to be informed as to any part of the law arising in the case, they may request the officer to conduct them to the court, where the information upon the matter of law shall be given; and the court may give its recollection as to the testimony on the point in dispute, in the presence of or after notice to, the parties or their counsel.”
It may be remarked in this connection that, whatever may have been the instructions of the court, it did not instruct them upon any matter of law arising in the case, unless the course of conduct to be observed by the jury in attempting to' reconcile their differences or adjust their views as to the evidence in the case so as to harmonize them and come to a conclusion that should express the unanimous verdict of the jury shall be considered a matter of law. The jury were instructed that, without surrendering their views, they should endeavor to reconcile their differences— their diverse views of the testimony which had been given in the case. We hardly regard this as an instruction to the jury upon a question of law applicable to the facts proved in the case itself: it is, in some sense, an admonition to the jury of their duty in endeavoring to reconcile conflicting views as to the effect to be given to the testimony in the case.
Paragraph 7 of sec. 5190, has application to the question arising here:
“The court, after the argument is concluded, shall,before proceeding with other business, charge the jury; any charge *403 shall be reduced to writing by the court if either party, before the argument to the jury is commenced, request it; a charge or instruction, when so written and given, shall not be orally qualified, modified, or in any manner explained to the jury by the court; and all written charges and instructions shall be taken by the jurors in their retirement, and returned with their verdict into court, and shall remain on file with the papers in the case. ’ ’
Upon this provision the court undertook very carefully to charge concerning the rights of the parties, and subsequently, it seems, they retired to their room to consider of their verdict. Upon the question of the power of the court to interview the jury without notice to the parties, reference may also be made to cases reported in 51 Howard’s Reports; 51 N. Y. 558; 11 Bulletin, 225. On the part of defendant in error, there was cited, in argument, a case reported in 42 Indiana, 222, which considers somewhat the power of the court to instruct the jury upon their duty to harmonize their views; a case in 48 N. J. 607, which holds, very positively, that the court may send for the jury without notification to counsel in order to give them further instructions; and also to a case in 26 Wisconsin,195, to the same effect, and a case in the Superior Court Reports, page 36, in which the same view is entertained as in the 1st of Disney before cited; 50 Georgia, 53; 81 Alabama, 335. These cases are cited by defendant in error.
A case in 36 Hun, 164, holds with the defendant in error on the main proposition; but the learned judge who delivered the opinion says, referring to the opinion in 8 Ohio St., which I have noticed:
“The cases in Ohio of Campbell, v. Beckett, 8 Ohio St. 211, and Kirk v. State, 14 Ohio, 511, arose under a statute providing that additional instructions shall only be given in the presence of,or after notice to the parties or their counsel."
And that court gives as a reason for disregarding the doctrine stated in the Ohio courts, the fact that those courts *404 place stress in their decisions upon the express provision of the statute of the state upon that subject, and the 'judge says:
‘ ‘ There is no statute or rule of practice in this state which prohibits the court in civil cases from instructing the juy in the absence of counsel.”
On the construction given to our code' by the Superior Court of Cincinnati, there is nothing in this provision of the statute to which the New York court refers, that would make it necessary to call in counsel where instructions are given upon questions of law. The Cincinnati court holds that this is only necessary when instructions are given relating to questions of fact.
We have come to the conclusion, after a very careful examination of all these cases, and spending more time, perhaps, on them than was necessary, that it was a clear violation of the duty of the court and of the rights of the parties, to instruct the jury in the manner in which they were instructed by the court, when they appeared on the 17th of May, 1898, at the bar of the court, without some effort having been made to get notice to counsel, in order that they might be present and protect, so fai; as they might deem it necessary to do so, the rights of their clients, in whatever communication might be made to the jury by the court upon that occasion.
A question is made in the case, as to whether the second motion for a new trial, which was filed on the 9th of June, 1893 — -the- verdict having been rendered on the 17th of May, 1893 — was filed in time. The statute provides, sec. 5307:
‘ ‘ The application for a new trial must be made at the term the verdict, report or decision is rendered; and, except for the cause of newly discovered evidence, material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial, shall be made within three days after the verdict or decision is rendered, *405 unless such party is unavoidably prevented from filing the same within such time. ” ■ ■
Section 5309 provides for an application for a new trial after adjournment. This application was made during the term at which the verdict was rendered. The first motion for a new trial was filed within three days after the return of the verdict. At the time that motion was filed the counsel and parties were ignorant of the fact that further instructions had been given to the jury by the court on the day when the verdict was rendered. That motion having been filed within due time, the matter passed along until the 9th of June, when the party defendant in the action and his counsel, having learned of the proceeding complained thereof — the action of the court to which objection was made — filed what is termed a second motion for a new trial, alleging as the .ground of this motion the irregularity in the action of the court in instructing the jury upon the 17th of May, without notice to the parties or their counsel. It appears in the record of the case that the party defendant in the proceeding,Mr. Seagrave, had obtained information of the action of the •court there complained of, more than three days before the second motion for a new trial was actually made,but after the expiration of more than three days from the date of the verdict. It appears in the case, however, that at the time counsel for defendant was out of the city, and that promptly upon his return the motion was filed. We have much doubt if, under the circumstances, the statute making the limitation applies, where knowledege of the matter complained of comes to the party complaining after the expiration of three days from the date of the rendition of the verdict, in the •absence of laches on his part. But, however this may be, if the court erred in respect to the matter complained of, as to that, no motion for a new trial was necessary. It does not matter, therefore, when it was filed.
In the case of William Earp, Supervisor, etc., v. R. R. *406 Co., 12 Ohio St. 621, the court holds: “The ouly question reserved in this case is whether a party who, on the 'trial of an action, takes exceptions to the decisions of the court upon the admission of testimony, and to the charge of the court to the jury, and has those exceptions reduced to writing during the term and signed by the judge, may allege error in a petition filed in the district court, without having also made a motion in the court of common pleas for a new trial on the ground of : error of law occurring at the trial and excepted to by the party making the application. ’ We think that he may. The right of exception secured by the code, section 290, etc., does not depend on the exercise of the right to move for a new trial, secured by the code, sec. 297, etc.”
On this question see 26 Ohio St. p. T; 24 Ohio St. 133.
The rule is, as we understand it, that where a party places his ground of complaint upon an alleged error of. the court in overruling his motion for a new trial for the reason that the verdict is against the evidence, is not sustained by sufficient evidence,that in such case it is necessary that there should be a motion for a new trial; but when the party bases his exception upon the ruling of the court during the progress of the tiral,or to the action of the court in its charge to the jury, in the giving or refusing instructions, exceptions having been duly taken, that there no motion for a new trial is necessary. This has been the established course of practice in this court since we have had our attention called to the question. I am not speaking particularly of the necessity for an exception to the action of the court, but to the necessity for a motion for a new trial in order that a party may avail himself of the exception which he has taken to the judgment of the court. Here, the matter that we are considering relates to the necessity of a motion for a new trial and when it should be filed. We think that the action of the court in its instructions to the jury in this case was erroneous, and as it appears according to the bill of exceptions and upon the record that the matter complained of may be insisted upon, the plaintiff in error may here avail himself of it, although he has filed no motion for a new trial.
*407 And again, we think, under the broad power of amendment afforded by the statute, that it was competent to amend the original motion filed for a new trial, by adding as an additional assignment and ground of the motion, the matter complained of in the second motion.
It will be remembered that this motion for a new trial, the original one, was filed in due time. At the time of the filing of the 'motion, and for several days afterwards, the party complaining was ignorant, of the matters which he assigned as the ground of the second motion. Before that motion was disposed of, and while it was still upon file, the second motion was filed. The statute, section 5114, confers very broad powers upon the subject of amendments:
“The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out any party, etc., etc."
In the case of Knox Co. Bank v. Doty et ah, 9 Ohio St. 506, the facts were these: A judgment had been taken upon a cognovit, against four parties. One of them filed a motion to set aside the judgmeut, alleging as a ground of the motion, (1) that the bill had been altered after execution by him, in a material part, without his consent; and (2) because the warrant, of attorney was not filed with the papers. The motion ran along for several terms, until, subsequently, another of the parties came in and filed — not exactly a new motion, but made himself a party to the old motion. In the language of the court:
Loyd, one of the defendants, at the term in which it was rendered, filed his motion to vacate the judgment for this cause, and that motion was regularly continued from term to term, until it was finally disposed of by setting aside the judgment. A motion thus made, continued, and determined, is, in legal contemplation, as if made and decided at the trial term. A motion to vacate a judgment for irregularity is a ‘proceeding’ authorized by the code, and as such is amendable. There was not, therefore, any error in per *408 mitting tlie defendant Thompson, to become a party thereto at the second 'term after rendition of the judgment, such amendment being authorized by section 137 of the code,” which is the same section that I have read, as renumbered. The proposition established there is this: A motion is filed at one term to set aside a judgment, by one of the parties. That motion is continued for several terms, and then another party comes in and makes himself a party to the motion, and amends it, in fact. The court treats this action as an amendment of the original motion, and disposes of the. case accordingly.
Pratt & Wilson, for plaintiff in error.
Samuel Kohn, for defendant in error.
Attention was called to the provisions of the statute, sections 5297 and 5298, providing for exceptions to the judgment or proceedings of the court where it is desired to prosecute error on the ground of erroneous rulings of the court. Here, there was no opportunity to take an exception, which may be, perhaps, stated as an additional reason why the court should not be permitted to give instructions to the jury in the absence of counsel, without making a reasonable effort to secure their presence.
But the question upon which we hold that the court erred the one upon which we lay especial stress, is not particularly the matter which the court stated to the jury, but upon the fact that it called the jury in and undertook to instruct them in the absence of counsel and without any attempt being made to give counsel an opportunity to be present.
We have not considered the questions made in the main case, but, being of opinion that the court erred upon the particular matter which has been brought before us here, the judgment of the court is that the judgment of the court below must be reversed, and the verdict set aside and a new trial granted, and the case remanded for further proceedings according to law.