ANNA BOERUM, Plaintiff, *v.* SEYMOUR REALTY COMPANY, Defendant.

County Court, Bronx County, July 7, 1926.

Trial — instructions — jury received advice from court after case was given to it, but in absence of counsel — verdict set aside — motion seasonably made.

A verdict in favor of the defendant, in an action for personal injuries, rendered after a trial must be set aside notwithstanding the fact that the evidence amply supports the verdict where, after the jury had been ordered to return a sealed verdict it thereafter sought and received in open court, but in the absence of counsel, instructions upon a matter of minor importance.

The motion to set aside the verdict, having been made at the term of court during which the case was tried, was seasonably made.

MOTION to set aside verdict for defendant in an action for personal injuries, rendered after a trial.

*Julius Hahn* [*Jacob Zelenko* of counsel], for the plaintiff.

*E. C. Sherwood* [*Leroy T. Edwards* of counsel], for the defendant.

COHN, J.   After counsel, upon their own request, had been excused by the court, a sealed verdict was ordered.   Thereafter, the jury sought and received in open court, but in the absence of counsel, instructions upon a matter of minor importance.   On the following morning, before the sealed verdict was opened, the proceedings of the previous day had in the absence of counsel were, in the hearing of the jury, read to counsel.   The plaintiff before the reading of the verdict made a general objection to the court's procedure in communicating instructions to the jury in the absence of the litigants.   No claim was made that the instructions

so given were in any way harmful or prejudicial to the defeated party. The plaintiff's sole reason for this application is based, not upon the substance of the instructions, the correctness of which is not disputed, but upon the irregularity of the communication between the court and jury. Was the plaintiff deprived of a substantial right by this irregularity? I think she was. When the the jury was returned for instructions, the plaintiff might have made requests to further charge the jury upon the matter concerning which they sought to be enlightened. It cannot be assumed that the jury's verdict might not have been different if this proceeding had been conducted with the parties present to guard their respective interests against injustice, mistake or error. Furthermore, under our law, each party to an action is entitled to a trial by jury in open court as a matter of right. Where either side is denied a full and fair opportunity to be heard in the presence of the jury on all matters of evidence or in respect to everything transacted, a party's just rights are thereby impaired.

The law in this State seems settled that all proceedings at a trial should be had in open court in the presence of jury and counsel. (*Watertown Bank & Loan Co.* v. *Mix*, 51 N. Y. 558; *High* v. *Chick*, 81 Hun, 100; *People* v. *Linzey*, 79 id. 23; *Taylor* v. *Betsford*, 13 Johns. 487; *Neil* v. *Abel*, 24 Wend. 185; *Plunkett* v. *Appleton*, 51 How. Pr. 469.)

The language of our highest court as expressed in *Watertown Bank & Loan Co.* v. *Mix* (*supra*, 561) is directly in point: " It is in my opinion better and safer to adhere to the rule, as affirmed by the adjudged cases and by what I understand to be the settled usage in this State, that there ought to be no communication between the judge and the jury, after they have gone from the bar to consider of their verdict, in relation to the oral evidence or his instructions to them, unless it take place openly in court or with the express assent of the parties."

This court is somewhat reluctant to set aside a verdict which finds ample support in the evidence. Yet an omission to do so in this case would be doing violence to this well-grounded rule so conducive to the fair and effectual administration of justice which requires that instructions of the judge to the jury should be openly imparted or with the express assent of the parties. As was observed in the case of *Plunkett* v. *Appleton* (*supra*): " Repeated infractions of this salutary rule, in exceptional instances, varied in accordance with the exigencies of each particular case, would gradually fritter it away, and ultimately effect its complete abrogation. It should be permanent and immutable. If trial by jury is to ' remain inviolate forever,' every safeguard to its sanctity must be jealously upheld."

Misc. 579]        Surrogate's Court, Bronx County, June, 1926.

As the term of the court during which this case was tried had not yet expired (Rules of Bronx County Court, N. Y. L. J., Dec. 26, 1925), this motion was seasonably made.

The application to reargue the motion to set aside the verdict is granted, and upon the reargument this motion to set aside the verdict and for a new trial is granted.   Submit order.