CONSTANCE FELT, an Infant, by GEORGE H. FELT, Her Guardian ad Litem, Respondent, *v.* GEORGE KEELER, Appellant.

GEORGE H. FELT, Respondent, *v.* GEORGE KEELER, Appellant.

Third Department, January 19, 1934.

*Abbott H. Jones* [*J. L. FitzGerald* of counsel], for the appellant.

*Earle J. Wiley,* for the respondents.

RHODES, J. Constance Felt, the infant plaintiff, was injured by being struck by an automobile driven by the defendant while she was attempting to cross the street in front of her home in Troy, N. Y. An action was brought in her behalf against the defendant to recover damages for injuries alleged to have been sustained by reason of the negligence of the defendant, and a

separate action was brought by the plaintiff's father to recover for his loss of the services of said infant caused by said negligence. The facts are sufficient to justify the verdicts rendered in favor of the plaintiffs, and, therefore, the point made by the defendant that the verdicts are against the weight of evidence will not be further discussed.

The other point urged by the defendant is that the jury was improperly influenced by the instructions given in the absence of counsel.

The record shows that the jury retired for deliberation at one P. M. and returned to the court room at four-thirty P. M. In response to a question by the clerk, the foreman announced that the jury had not agreed upon a verdict. The court then stated: " I understand that you have submitted a question. You wish to know if ' we can compensate the plaintiff, George Felt, for doctors' and hospital bills, without compensating the plaintiff Constance Felt?' That is your question? The Foreman. Yes. The Court: The answer to that is ' No.' If you mean to find no cause of action in the case of the plaintiff, Constance Felt, you must find a verdict of no cause of action in the case of the plaintiff, George Felt, because there is no dispute here that the girl, the plaintiff Constance Felt, did suffer serious injury. In other words, in order to find a verdict for either plaintiff, that is, the girl or her father, you must find that the defendant, George Keeler, was negligent, under the rules that I have laid down, and that the girl herself, the plaintiff Constance Felt, was free from any negligence contributing to the accident. Does that answer your question? The Foreman: It does."

The court proceeded further to instruct the jury and explain why a verdict in favor of the father might not be sustained unless a verdict was also awarded in favor of the infant. The instructions thus given to the jury were correct statements of the law applicable to the case.

While it does not appear from the record, it is conceded that defendant's counsel was not present during the occurrence above referred to and it is now insisted that such instructions from the court to the jury in the absence of his counsel, constituted prejudicial and reversible error.

The defendant cites the cases of *Watertown Bank & Loan Co.* v. *Mix* (51 N. Y. 558); *Finn Hannevig & Co., Inc.,* v. *Frankel* (219 App. Div. 54); *High* v. *Chick* (81 Hun, 100); *People* v. *Linzey* (79 id. 23); *Plunkett* v. *Appleton* (51 How. Pr. 469) as authorities requiring a reversal of judgments and setting aside of verdicts in cases similar to the one at bar. In all of the cases cited a com-

munication was made by the judge to the jury privately either in writing or not in open court. In *People* v. *Linzey* (*supra*) the statement is quoted from *Sargent* v. *Roberts* (1 Pick. 337), that " no communication whatever ought to take place between the judge and the jury after the cause has been committed to the latter by the charge of the judge, unless in open court, *and where practicable in the presence of the counsel in the case.*" In *Watertown Bank & Loan Co.* v. *Mix* (*supra*) it is said that there ought to be no communication between the judge and the jury after they have gone from the bar to consider their verdict, in relation to the oral evidence or instructions to them, unless it takes place *openly in court or with the express assent of the parties.*

In the case before us all the communications did take place in open court and are a part of the record. The instructions given by the learned trial justice were correct and if the defendant's counsel had been present and taken an exception it would, therefore, have availed him nothing. If the counsel was absent it was because of his own volition. Obviously he could have protected the rights of his client by remaining in court or by making arrangements by stipulation relative to such a situation which might have been anticipated. Instead, his absence caused the court to be confronted with the dilemma of hunting him up and delaying proceedings until he could be located and brought into court, or of proceeding to deliver the additional instructions in his absence. While the irregularity in procedure by the learned trial justice is not to be approved, neither are we disposed to go further than necessary in correcting a situation which would not have occurred but for the voluntary absence of defendant's counsel. That would in effect permit a party to reap advantage from his own inattention.

Upon the facts presented here, the irregularity complained of has not prejudiced any substantial right, and, therefore, by virtue of the requirement of section 105 of the Civil Practice Act, such irregularity is disregarded.

The judgments should be affirmed, with costs to the respondent in one action.

BLISS and HEFFERNAN, JJ., concur; McNAMEE, J., concurs in the result; HILL, P. J., dissents and votes to reverse and for a new trial on the ground that a single word by the court would have answered the question asked by the jury. The hundreds of words used by the court amounted to a second charge, given not in the presence of counsel.

Orders and judgments affirmed, with costs in one action.